IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | SA-19-MJ-01021-ESC |
| vs. | § | |
| (1) IYSIS N. RUIZ-LADD, | § | |
| *Defendant.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action is the Government's Motion in Limine [#35]. The Government filed a misdemeanor information charging Defendant Iysis N. Ruiz-Ladd with possession of a controlled substance (marijuana) (Count One) and possession of drug paraphernalia (Count Two). This case is set for jury selection and trial on July 12, 2021. Count One will be tried to the jury. Count Two will be tried to the bench.

On July 7, 2021, the Court held a final pretrial conference, at which both parties appeared through counsel. At the hearing, the Court addressed the Government's pending motion in limine, which asks the Court to issue an order precluding Defendant from presenting questions or making argument to the jury regarding (1) changing societal norms on the nature of the charged offense, possession of marijuana, and (2) the adverse consequences that a guilty verdict might have on Defendant. The Court orally granted both motions in limine at the close of the hearing and hereby memorializes this ruling by this written order.

The Court agrees that any arguments or questions to members of the jury regarding the legality of marijuana possession under Texas or other state law (versus federal law) and changing societal norms regarding marijuana possession would be an improper attempt at jury

nullification.  Although a jury may "acquit for whatever reasons even though the evidence supports a conviction," defense counsel does not have a "right to make an argument encouraging the jury to do so."  *United States v. Thompson*, 253 F.3d 700, at *16 (5th Cir. 2001) (unpublished) (quoting *United States v. Leach*, 632 F.2d 1337, 1341 n.12 (5th Cir. 1980)).  The Court will issue a ruling prohibiting statements or arguments from defense counsel that encourage jury nullification by emphasizing the legality of the conduct underlying the charged offense in some jurisdictions or suggesting that the offense should be considered lightly.

The Court will also issue a ruling prohibiting introduction of evidence or argument regarding Defendant's potential punishment and/or adverse consequences that a guilty verdict might impose on Defendant.  In federal court, punishment is decided by the judge, not the jury, and thus evidence and argument regarding potential punishment are not relevant to the issue of a defendant's guilt or innocence and have the potential to confuse the issues and mislead the jury.  *See* Fed. R. Evid. 403.  The Supreme Court has long held that a jury should not consider or be informed of the consequences of their verdict.  *Shannon v. United States*, 512 U.S. 573, 579 (1994).  The Fifth Circuit Pattern Jury Instructions are consistent with this principle and state that the jury "should not be concerned with punishment in any way."  *See* Fifth Circuit Pattern Jury Instruction 1.20 (2015).

**IT IS THEREFORE ORDERED** that the Government's Motion in Limine [#35] is **GRANTED**.

**IT IS FURTHER ORDERED** that defense counsel is prohibited from asking questions of the jury or making arguments, comments, or suggestions at trial that the charged offense, possession of marijuana, should be taken lightly due to changing societal norms or the legality of marijuana possession in other jurisdictions.

**IT IS FINALLY ORDERED** that defense counsel is prohibited from asking questions of the jury or making arguments, comments, or suggestions at trial regarding the potential sentences or consequences Defendant is facing if the jury reaches a guilty verdict.

SIGNED this 12th day of July, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE